FOURTH DISTRICT—JUNE, 1927.        83

Marion & Eastern R. Co. v. Illinois Cent. R. Co., 245 Ill. App. 83.

# Marion & Eastern Railroad Company, Appellant, v. Illinois Central Railroad Company, Appellee.

1. PUBLIC SERVICE—*power of commerce commission to award reparation for division of joint rates.* The action of the Illinois Commerce Commission in awarding to a railroad company reparation for a claimed unjust division of joint rates upon past transactions and for a period prior to the filing of a complaint upon which the commission order was entered, is judicial in its nature and is not within the statutory power of the commission.

2. PUBLIC SERVICE—*derivation of power of commerce commission.* The Illinois Commerce Commission derives it power solely from the statute creating it and has no authority except such as is expressly conferred by the statute.

3. PLEADING—*sufficiency of declaration in action by railroad for division of joint rates.* A declaration does not state a cause of action in a suit by one railroad company to recover from another a sum due from a division of joint rates as fixed by an order of the Illinois Commerce Commission, which declaration does not allege the existence of the conditions prescribed by the Illinois Commerce Commission Law, section 42, Cahill's St. ch. 111a, ¶ 57, that the commission had established the through route and joint rates in question and that "after hearing, by supplemental order," had established the division of such rates to be made between the companies.

4. PLEADING—*defective declaration not sustained on other theory.* A declaration in a suit by one railroad company to recover reparation from another for a claimed unjust division of joint rates which is expressly based upon an order of the Illinois Commerce Commission, which it was without authority to enter, and which declaration does not allege the existence of the conditions authorizing the commission to act under any circumstances, cannot be sustained under the theory that just compensation for services performed was the basis of the declaration, and that the mere finding that within a stated period of time the divisions paid the plaintiff were unjust and unreasonable with the presenting of what was just and reasonable for that period, is enough in itself to support the action for damages.

Appeal by plaintiff from the Circuit Court of Williamson county; the Hon. D. T. HARTWELL, Judge, presiding. Heard in this court at the March term, 1927. Affirmed. Opinion filed June 15, 1927. Rehearing denied July 29, 1927.

Alfred G. Hagerty, for appellant.

Elmer A. Smith and Chas. E. Feirich, for appellee;
W. S. Horton, of counsel.

Mr. Justice Higbee delivered the opinion of the
court.

On April 1, 1926, the Marion & Eastern Railroad
Company, appellant, filed a declaration to the May
term of the circuit court of Williamson county against
the Illinois Central Railroad Company, appellee, al-
leging that appellee owns and operates a railroad ap-
proximately 12.5 miles in length all within Williamson
county extending from the town of Paulton on the
east to Marion on the west, and is a common carrier
for hire in both intrastate and interstate transporta-
tion; that its lines connect at Marion with railroads
owned and operated by appellee and by the Chicago &
Eastern Illinois Railway Company and the Missouri
Pacific Railroad Company; that all these railroads
have been in continuous operation during the 6-year
period ending December 31, 1925, and thereafter con-
tinuously to the date of the commencement of this ac-
tion; that appellee is a common carrier engaged for
hire in intra and interstate transportation of persons
and property over a line of railroad owned by it be-
tween points wholly within the State of Illinois and
also between points in State of Illinois and points in
other states; that appellee maintains at Marion tracks
and other equipment where appellant delivers to it
coal from mines located on appellant's lines to be
transported by appellee in both intrastate and inter-
state transportation; that appellee and the two other
railroad companies above mentioned are likewise en-
gaged in intrastate and interstate transportation of
persons and property over the railroads owned by them
and that each of them maintains at said Marion physi-
cal track connections with appellant's railroad where

coal shipped from mines located on appellee's railroad is delivered to them for intrastate and interstate transportation; that throughout the 6-year period ending December 31, 1925, and thereafter continuously until the commencement of this suit, joint rates were established and maintained for the transportation of coal from mines on appellant's line to destinations in Illinois and other states on the line of appellee and its transportation system, and also to destinations on the lines of the Chicago & Eastern Illinois Railway Company and the Missouri Pacific Railroad Company, and that at all times within the period stated the joint rates were kept at a definite level in cents per ton by virtue and force of orders entered by the respective State and Federal rate-regulating tribunals and in accordance with State and Federal statutes; that within the stated period of time and particularly from January 1, 1920, to March 31, 1925, a large volume of bituminous coal aggregating more than 3,500,000 tons were shipped from mines on appellant's line to many different points in the State of Illinois and other states on the line of appellee and its connecting transportation system, and also on the lines of the Chicago & Eastern Illinois Railway Company and the Missouri Pacific Railroad Company and their respective connecting transportation systems at the aforesaid lawfully established joint rates and that the coal so shipped was transported by appellant over its road to Marion, Illinois, where according to the billing destination it was delivered in part to appellee and in part to the other two carriers hereinbefore mentioned, and that for this service of transportation appellee was arbitrarily allowed out of said joint rates by appellant and the other two carriers, the following charges: (a) Prior to July 1, 1920, not more than 20 to 21 cents per ton; and (b) afterwards until March 31, 1925, not more than 18 to 18.9 cents per ton; that said allow-

ances as divisions of the aforesaid established joint rates were arbitrarily allowed appellant alike on both intrastate and interstate traffic, and that throughout the stated period of time such allowances were continuously the subject of complaint by appellant to appellee and the other two carriers as being unjust, unreasonable, unremunerative and wholly inadequate, which complaint was filed with the Interstate Commerce Commission in the year 1920; that the Interstate Commerce Commission on March 2, 1925, entered an order prescribing the division which should be made of such of the aforesaid joint rates as were on interstate traffic and which would have been just and reasonable to compensate appellant on the interstate coal shipments transported by it during the period from January 1, 1922, to May 18, 1925, and for such similar interstate transportation as appellant might thereafter perform and directed appellee together with the other two carriers names to readjust the divisional allowances made by them to appellant on the basis prescribed by the order, a copy of the order being affixed to the declaration marked exhibit "A" and made a part thereof; that the divisions of these joint rates as fixed by the Interstate Commerce Commission were as follows: From January 1, 1922, to June 20, 1922, 24 cents per ton of 2,000 pounds and from July 1, 1922, to May 18, 1925, and thereafter, 22 cents per ton; that in reference to such of the aforesaid transportation service as was performed by appellant on interstate traffic, appellee and the other two carriers complied with this order of the Interstate Commerce Commission by paying to appellant sufficient additional money to compensate it upon the basis prescribed by the order for the period from January 1, 1922, to March 31, 1925, and that for the period subsequent to March 31, 1925, appellee and the other two carriers allowed appellant the division prescribed by this order on both interstate and intrastate shipment,

which was in conformity with the practice of paying the same divisions on both classes of traffic, the service of both being the same, throughout the period from January 1, 1920, to March 31, 1925 and furthermore that the other two carriers named herein allowed and paid appellant the increased divisions prescribed by this order for intrastate traffic during the period from January 1, 1922, to March 31, 1925; but that appellee, although repeatedly requested by appellant to do so, refused to readjust the divisions allowed appellant by such order for intrastate shipments by it delivered to appellee during the period from January 1, 1922, to March 31, 1925, on the basis of the increased divisions prescribed by the order of the Interstate Commerce Commission, whereupon appellant sought relief by complaint brought against appellee before the Illinois Commerce Commission; that after full investigation and hearing of this complaint the Illinois Commerce Commission, by virtue of the statutory powers thereto enabling it, on the 13th day of January, A. D. 1926, entered its report and order, a copy of said report and order identified as exhibit ''B'' being affixed to and made a part of the declaration, in which it was held and concluded that the just and reasonable divisional allowance to be applied for the transportation of coal from mines on appellant's railroad to destinations on the railroad of appellee in Illinois during the period from January 1, 1922, to March 31, 1925, was as follows: From January 1, 1922, to June 30, 1922, inclusive, 24 cents per ton and from July 1, 1922, to March 31, 1925, inclusive, 22 cents per ton, and directed appellee to pay to appellant within 60 days from the date of the order for services performed by appellant in transporting coal delivered by it to appellee within the period from January 1, 1922, to March 31, 1925, for destinations on appellee's road in Illinois, a sufficient additional amount of money to compensate ap-

pellant upon the basis of the higher divisions prescribed by this order; that during the period from January 1, 1922, to March 31, 1925, appellant transported from mines on its railroad to Marion, Illinois, and there delivered to appellee for transportation to points in Illinois 750,000 tons of bituminous coal and for that service was paid by appellee $138,750, whereas. if it had been paid for said services upon the basis of the division fixed by the order of the Illinois Commerce Commission its compensation would have been $165,000 or $26,250 more than was paid by appellee for such services; that after full investigation and hearing by both the Illinois Commerce Commission and the Interstate Commerce Commission the compensation allowed it by appellee and other carriers during the period from January 1, 1922, to March 31, 1925, on both intrastate and interstate coal traffic transported during that period, including the particular traffic described in the preceding paragraph, was less than necessary to pay its operating costs, which resulted in loss and injury to appellant and that with but one exception such loss and injury had been redressed, the said exception being appellee's wilful refusal after repeated demands by appellant to compensate it for the transportation services described in the preceding paragraph upon the basis prescribed and ordered by the Illinois Commerce Commission as aforesaid, and that appellee's wilful refusal to comply with this order is causing appellant to suffer continuing injury through its inability to liquidate operating expenses incurred in conducting the transportation within the aforesaid period of time, and that as a consequence appellant has suffered and claims against appellee damages in the sum of $26,250 plus interest, costs and attorneys' fees.

The declaration then alleges that appellant has suffered and claims against appellee exemplary damages in the sum of $25,000, within the meaning of section

73, ch. 111a of the Illinois Revised Statutes, Cahill's St. ch. 111a, ¶ 92, in consequence of appellee's refusal and neglect to do the thing it had been directed to do by order of the Illinois Commerce Commission, entered January 13, 1926, as aforesaid, and then concludes with a prayer for judgment against appellee in the sum of $51,250 plus interest, costs and attorneys' fees.

The order of the Illinois Commerce Commission attached to the declaration shows that it was entered January 13, 1926, and that it was based upon a complaint filed April 20, 1925. This order after stating what division of joint rates had been allowed and paid to appellee and the other two carriers up to March 31, 1925, sets forth the substance of the complaint filed and amendments thereto. The order then states the division allowance on interstate traffic prescribed by the Federal Interstate Commerce Commission and finds that the allowances made by appellee to appellant during the period covered were unjust and less than necessary to compensate appellant for its necessary operating costs and a fair return on its investment. The order then finds that there is no dispute as to the divisions of the rates now being made and that appellant was now allowing appellee 22 cents per ton for both intrastate and interstate traffic; that for the period from January 1, 1922, to March 31, 1925, inclusive, the just and reasonable divisional allowance to be applied for the transportation of coal on appellant's railroad in intrastate shipments is as follows: From January 1, 1922, to June 30, 1922, inclusive, 24 cents per ton and from July 1, 1922, to March 31, 1925, inclusive, 22 cents per ton. The order then finds that appellee should pay to appellant the difference between the amounts which it had already paid and the amounts it should have paid as fixed by the order and directs that such payment be made within 60 days from the date of the order.

To this declaration appellee filed a general and special demurrer. The court sustained the demurrer and appellant elected to abide its declaration. Judgment was afterwards entered against appellant in bar of the suit and for costs and to review that judgment this appeal has been perfected.

The sole question before this court is whether or not the declaration states a good cause of action.

It must be noted that the order of the Illinois Commerce Commission does not fix the just division of these joint rates on intrastate traffic for the future, but expressly finds that there is no dispute between the parties as to the division being made at the time the complaint was filed and the order entered. The complaint as alleged in the declaration and shown by the order was filed April 20, 1925. The order directs what division of the joint rates should be made between January 1, 1922, and March 31, 1925, a period wholly before the time the complaint was filed and which expired more than a year before the order was entered. The order then directs appellee within 60 days to pay appellant the difference between the allowances actually made during this time and the allowance which the commission found should be made which in effect and substance was a money judgment against appellee.

It is clearly established that there is a very real and substantial distinction between an order of a commission, such as the Illinois Commerce Commission, prescribing rates for the future and one that purports to award reparation for past transactions. The fixing of the rates for the future is in the nature of a legislative action while the awarding of reparation for past transactions is judicial in its character. "To determine whether one person is entitled to recover money from another by way of damages cannot be anything but a judicial question, and as such must be determined by the courts." *State ex rel. Missouri Pac. R.*

*Co. v. Public Service Commission,* 303 Mo. 212, 259 S. W. 445  Such is also the holding of the Supreme Court of the United States in *Baer Bros. Mercantile Co. v. Denver & R. G. R. Co.,* 233 U. S. 479, where the court said: "But awarding reparation for the past and fixing rates for the future involve the determination of matters essentially different.  One is in its nature private and the other public.  One is made by the commission in its quasi judicial capacity to measure past injuries sustained by a private shipper; the other, in its quasi legislative capacity to prevent future injury to the public."  This language was quoted with approval by the Supreme Court in *Louisville & N. R. Co. v. Sloss-Sheffield Steel & Iron Co.,* 269 U. S. 217.  In *Commonwealth v. Benn,* 284 Pa. 421, 131 Atl. 253, the Supreme Court of Pennsylvania held that the fixing of reparation for past transactions was a judicial function.  In our opinion, under these authorities, the action of the Illinois Commerce Commission in awarding to appellant reparation for a claimed unjust division of joint rates upon past transactions and for a period prior to the filing of the complaint upon which the order was entered, was judicial in its nature and was not within the statutory power of the commission.

Section 42 of the Illinois Commerce Commission Law, Cahill's St ch. 111a, ¶ 57, provides as follows: "Whenever the Commission after a hearing had upon its own motion or upon complaint, shall find that the rates or other charges, or classifications in force over two or more common carriers, between any two points in this State, are unjust, unreasonable, or excessive, or that no satisfactory through route or joint rate or other charge, or classification exists between such points, and that the public convenience and necessity demand the establishment of a through route and joint rate or other charge, * * * the Commission may order such common carriers to establish such

through route and may establish and fix a joint rate or other charge, or classification which will be just and reasonable, to be followed, charged, enforced, demanded and collected *in the future,* and the terms and conditions under which such through route shall be operated. The Commission may order that freight moving between such points shall be carried by the different common carriers, parties to such through route and joint rate, without being transferred from the originating cars. In case the common carriers do not agree upon the division between them of the joint rates or other charges established by the Commission over such through routes, the Commission shall, after hearing, by supplemental order, establish such division." The spirit of this statute seems to be that the commission shall fix the rates to be charged for shipments over the roads of two or more common carriers, between any two points in this State, as a protection to the shipper. After this rate is fixed, if the carriers do not agree upon the division between them of the joint rates established by the commission over such through routes the commission "shall after hearing, by supplemental order, establish such division." The Commerce Commission derives its power solely from the statute and has no authority except such as is expressly conferred upon it by the statute. (*Public Utilities Commission v. Illinois Cent. R. Co.,* 274 Ill. 36.) The declaration in this case expressly declares upon an order of the Illinois Commerce Commission. It was therefore necessary that the declaration should state expressly facts showing that the commission had the authority to enter the order sued upon. The declaration failed to allege that the commission had established the through routes and joint rates in question and that "after hearing by supplemental order" had established the division of such rates to be made between appellant and appellee. In fact the order itself shows that there was no disagreement between the

carriers involved, over the division of joint rates at the time the complaint was filed. Neither does the declaration show that the joint rates involved had ever been fixed and established by the Illinois Commerce Commission.

The declaration should have expressly alleged the existence of these conditions and facts and circumstances which the statute creating the commission provides must exist before the commission can function, since the commission derives its sole and only powers from the statute creating it.

In our opinion the declaration does not state a cause of action because it. declares upon an order of the Illinois Commerce Commission, judicial in its nature and awarding damages for a past transaction, which was not within the power of the commission to do and for the further reason that the declaration does not allege the existence of the conditions prescribed by the statute, above referred to.

It is further contended by appellant that just compensation for services performed was the basis of the declaration; that "the mere finding that, within a stated period of time the divisions paid appellant were unjust and unreasonable and the presenting of what was just and reasonable for that period is enough by itself to support and sustain the action for damages here brought." That question is not before us. The declaration consists of one count hereinbefore set forth and expressly declares upon the order of the Illinois Commerce Commission, providing for reparation which in our opinion the commission was without authority to enter, and further the declaration fails to allege the existence of the conditions authorizing the commission to act under any circumstances, and the order itself expressly shows that such conditions did not exist. The demurrer therefore was properly sustained and as appellant elected to stand by its declaration and prayed for final judgment, there was nothing

left for the trial court to do but to enter such a judgment against appellant, which was accordingly done. Under our view of the questions arising for our consideration in this case, the judgment of the circuit court should be and it accordingly is affirmed.

*Affirmed.*