[Civ. No. 28091. Fourth Dist., Div. One. Nov. 23, 1983.]

JUANITA CLENDENING, Plaintiff and Appellant, v.
GORDON SHIPTON et al., Defendants and Respondents.

COUNSEL

Shernoff & Levine and Harvey R. Levine for Plaintiff and Appellant.

Carlo Coppo and Alexandra M. Kwoka for Defendants and Respondents.

OPINION

BUTLER, J.—Juanita Clendening and her husband Robert attended a drinking party at the home of Gordon and Paula Shipton. When they left, Robert and Juanita were both under the influence. Robert half-carried Juanita to the door of their residence, opened it and thereafter broke her neck. She is now permanently paralyzed.

She sued the Shiptons for damages on two theories of liability, simple negligence in providing alcohol to Robert and social host negligence in providing alcohol to Robert, an obviously intoxicated person. The court granted Shiptons' motion for summary judgment. Juanita appeals. We reverse.

I

Robert and Gordon were shipmates in a platoon in the United States Navy, Sea, Air and Land Unit (SEALS) based in San Diego. Members of the platoon contribute to a fund used to purchase beer for platoon parties, one of which was held February 18, 1978, at the Shipton residence. Gordon prepared notices of the party which were posted at the Navy base where the platoon was stationed.

Juanita and Robert were the first to arrive of some 200 to 250 partygoers. Sixty-four gallons of beer purchased by Gordon from the platoon fund was available in the garage. Other alcoholic beverages were available, some furnished by the Shiptons and others brought by the guests. As the evening progressed, so did the party. A neighbor found a sailor asleep on

his lawn in a "spare tire." People passed out in various rooms of the Shipton home. The inadequacy of the one bathroom resulted in guests relieving themselves on the lawn or against a backyard fence. In the dawn's early light, furniture was found scattered about the backyard and the stench of urine was very strong in and about the fence.

Robert and Juanita had their share. Robert was generally walking crookedly. Juanita urinated in the yard and spilled Kahlua on Paula's dress. She passed out in the car on the way home. Robert had no recollections of the party the next day. Each tell conflicting stories of the return to their residence. Juanita says Robert squeezed her neck, choked her and used a sleeper hold. Robert claims they engaged in playful wrestling. By whatever means, it is clear Juanita's neck was broken by Robert, and she is permanently paralyzed.

II

■ On appeal from a grant of summary judgment, we are guided by familiar principles. *Parker* v. *Twentieth Century-Fox Film Corp.* (1970) 3 Cal.3d 176 [89 Cal.Rptr. 737, 474 P.2d 689, 44 A.L.R.3d 615] admonishes: "The familiar rules are that the matter to be determined by the trial court on a motion for summary judgment is whether facts have been presented which give rise to a triable factual issue. The court may not pass upon the issue itself. Summary judgment is proper only if the affidavits or declarations [fn. omitted] in support of the moving party would be sufficient to sustain a judgment in his favor and his opponent does not by affidavit show facts sufficient to present a triable issue of fact. The affidavits of the moving party are strictly construed, and doubts as to the propriety of summary judgment should be resolved against granting the motion. Such summary procedure is drastic and should be used with caution so that it does not become a substitute for the open trial method of determining facts. The moving party cannot depend upon allegations in his own pleadings to cure deficient affidavits, nor can his adversary rely upon his own pleadings in lieu or in support of affidavits in opposition to a motion; however, a party can rely on his adversary's pleadings to establish facts not contained in his own affidavits. [Citation.] Also, the court may consider facts stipulated to by the parties and facts which are properly the subject of judicial notice. [Citations.]" (*Id.,* at p. 181.) ■ The failure of a party to file declarations does not relieve the moving party of the burden of establishing the evidentiary facts of every element necessary to entitle him to judgment. (*Vesely* v. *Sager* (1971) 5 Cal.3d 153, 169 [95 Cal.Rptr. 623, 486 P.2d 151].) ■ "A defendant moving for summary judgment has the burden of establishing that the plaintiff's action has no merit. He must make a

factual showing negating the existence of a cause of action on all theories embodied in the complaint. If he fails in that burden, summary judgment must be denied despite any deficiency in the plaintiff's responding declarations." (*Kelleher* v. *Empresa Hondurena de Vapores, S.A.* (1976) 57 Cal.App.3d 52, 58 [129 Cal.Rptr. 32].)

## III

We apply these principles. At the first hearing on the motion for summary judgment, the court found triable issues of fact concerning Robert's degree of intoxication. Commenting the Shipton declarations filed in support of the motion effectively ruled out foreseeability, i.e., Juanita's neck would be broken by reason of Robert's intoxication, the court continued the hearing to give Juanita an opportunity to produce evidence on foreseeability other than her deposition testimony Robert, while drunk, had physically abused her years ago. She did not produce any other evidence at the continued hearing and the court, ruling the Shiptons were not liable as her injury was not foreseeable, granted the motion for summary judgment.

At the time Robert broke Juanita's neck, Business and Professions Code section 25602[1] provided in its entirety: "Every person that sells, furnishes, gives, or causes to be sold, furnished, or given away, any alcoholic beverage to any habitual or common drunkard or to any obviously intoxicated person is guilty of a misdemeanor." Effective January 1, 1979, section 25602 was amended to add subdivisions (b) and (c): "(b) No person who sells, furnishes, gives, or causes to be sold, furnished, or given away, any alcoholic beverage pursuant to subdivision (a) of this section shall be civilly liable to any injured person or the estate of such person for injuries inflicted on that person as a result of intoxication by the consumer of such alcoholic beverage.

"(c) The Legislature hereby declares that this section shall be interpreted so that the holdings in cases such as Vesely v. Sager (5 Cal.3d 153), Bernhard v. Harrah's Club (16 Cal.3d 313) and Coulter v. Superior Court (21 Cal.3d 144) be abrogated in favor of prior judicial interpretation finding the consumption of alcoholic beverages rather than the serving of alcoholic beverages as the proximate cause of injuries inflicted upon another by an intoxicated person." At the same time, Civil Code section 1714 providing everyone is responsible for his own negligent or wilful acts was amended

---

[1]All statutory references are to the Business and Professions Code unless otherwise specified.

by adding subdivisions (b) and (c): "(b) It is the intent of the Legislature to abrogate the holdings in cases such as Vesely v. Sager (5 Cal.3d 153), Bernhard v. Harrah's Club (16 Cal.3d 313), and Coulter v. Superior Court (21 Cal.3d 144) and to reinstate the prior judicial interpretation of this section as it relates to proximate cause for injuries incurred as a result of furnishing alcoholic beverages to an intoxicated person, namely that the furnishing of alcoholic beverages is not the proximate cause of injuries resulting from intoxication, but rather the consumption of alcoholic beverages is the proximate cause of injuries inflicted upon another by an intoxicated person.

"(c) No social host who furnishes alcoholic beverages to any person shall be held legally accountable for damages suffered by such person, or for injury to the person or property of, or death of, any third person, resulting from the consumption of such beverages." ■ These amendments were upheld in Cory v. Shierlon (1981) 29 Cal.3d 430 [174 Cal.Rptr. 500, 629 P.2d 8]. They are not, however, applicable here. Robert broke Juanita's neck February 19, 1978, before the amendments' effective date. The amendments are not retroactive and do not apply here. (Fosgate v. Gonzales (1980) 107 Cal.App.3d 951, 962 [166 Cal.Rptr. 233].) We thus look to Vesely, Bernhard and Coulter and other cases abrogated by the amendments for applicable law.

IV

Coulter v. Superior Court, supra, 21 Cal.3d 144, extended the reasoning of Vesely v. Sager, supra, 5 Cal.3d 153, construing section 25602, and held the furnishing by a social host of an alcoholic beverage to an obviously intoxicated person, thereby creating a reasonably foreseeable risk of harm to third parties, may impose civil liability upon such social host. Vesely held a violation of section 25602 gives rise to the presumption of negligence created by Evidence Code section 669, thereby creating a duty of care in the vendor of alcoholic beverages.

■ The declarations of the Shiptons do not negate each and every element of the cause of action pleaded by Juanita under section 25602. We find issues of fact whether the Shiptons served alcoholic beverages to Robert and his state of intoxication, obvious or otherwise. It follows, then, the Evidence Code section 669 presumption of negligence arising upon a finding of a violation of section 25602 and the resultant creation of a duty of care depends on determination of factual issues not negated by the Shiptons'

moving papers. Summary judgment on the section 25602 cause of action was improper.

■   The complaint pleads Shipton liability in simple negligence for providing alcohol to Robert. *Coulter* held imposition of civil liability on social hosts providing alcoholic beverages is ". . . fully compatible with general negligence principles." (*Coulter* v. *Superior Court, supra,* 21 Cal.3d at p. 152; *Bernhard* v. *Harrah's Club, supra,* 16 Cal.3d 313, 325 [128 Cal.Rptr. 215, 546 P.2d 719].)   ■   While a violation of the statute gives rise to a duty of care under Evidence Code section 669, the existence of a duty of care apart from the statutory presumption has been said to be primarily a question of law and dependent upon a variety of relevant factors of which foreseeability of the risk is a primary consideration. (*Hedlund* v. *Superior Court* (1983) 34 Cal.3d 695, 705 [194 Cal.Rptr. 805, 669 P.2d 41]; *Weirum* v. *RKO General, Inc.* (1975) 15 Cal.3d 40, 46 [123 Cal.Rptr. 468, 539 P.2d 36].)   ■   Although foreseeability is most often a question of fact for the jury, when there is no room for a reasonable difference of opinion, it may be decided as a question of law. (*Bigbee* v. *Pacific Tel. & Tel. Co.* (1983) 34 Cal.3d 49, 56 [192 Cal.Rptr. 857, 665 P.2d 947].)   ■   Here, the court apparently concluded as a matter of law Robert's breaking Juanita's neck was not foreseeable and the Shiptons owed no duty of care to her. The question thus presented as to the general negligence cause of action is relatively simple: Is there room for a reasonable difference of opinion as to whether the risk a person served alcoholic beverages by a social host who attains some degree of intoxication may assault and injure a third party? (*Bigbee* v. *Pacific Tel. & Tel. Co., supra,* at p. 58.) Juanita's declarations, broadly construed as we must, tell us Robert while drunk physically assaulted her while they were stationed in the Philippines some years ago. Extracts from depositions suggest SEAL training develops physical fitness, muscular strength, hand-to-hand combat techniques and aggressive tendencies necessary for survival in cold and silent waters.   ■   "In pursuing this inquiry, it is well to remember that 'foreseeability is not to be measured by what is more probable than not, but includes whatever is likely enough in the setting of modern life that a reasonably thoughtful [person] would take account of it in guiding practical conduct.' [Citation.] One may be held accountable for creating even ' "the risk of a slight possibility of injury if a reasonably prudent [person] would not do so." ' [Citations.] Moreover, it is settled that what is required to be foreseeable is the general character of the event or harm—e.g., being struck by a car while standing in a phone booth—not its precise nature or manner of occurrence." (*Bigbee* v. *Pacific Tel. & Tel. Co., supra,* 34 Cal.3d at pp. 57-58.)   ■   Alcohol plays a major role in the incidence of death and injuries on our highways, the battered women's syndrome, and assaults and batteries in taverns, on the streets and in the home. On the record before us as to the general

negligence cause of action, we conclude foreseeability of harm to Juanita by reason of Robert's intoxication is a question of fact for the jury.

Judgment reversed.

Cologne, Acting P. J., and Staniforth, J., concurred.