[No. D003243. Fourth Dist., Div. One. Nov. 4, 1986.]

DANIEL J. CULLY, Plaintiff and Appellant, v.
ALFONSO BIANCA et al.,
Defendants, Cross-defendants and Respondents;
STEVEN D. HORN, Defendant, Cross-complainant and Appellant.

Counsel

Gary A. Sernaker, Terry Singleton and Singleton & Ronquillo for Plaintiff and Appellant and for Defendant, Cross-complainant and Appellant.

William D. Ayres, Reynolds & Ayres, Marilyn L. Huff, Mark C. Zebrowski and Gray, Cary, Ames & Frye for Defendants, Cross-defendants and Respondents.

Opinion

WIENER, Acting P. J.—This case represents another skirmish in the battle to determine whether and under what circumstances the injured victim of the drinking driver can recover compensation from persons other than the driver. Here, two nondriver defendants, Gus Thoren (the driver's brother) and Alfonso Bianca agreed with the driver, Anthony Thoren, to pool their money in order to obtain a bottle of tequila which they consumed together. The accident occurred a short time later, in which plaintiff Daniel Cully and cross-complainant Steven Horn (collectively referred to as plaintiffs) were seriously injured.

Plaintiffs unsuccessfully attempt to distinguish this case and avoid application of the general rule recently established by the Legislature that providing alcohol to a person who later drives a vehicle while intoxicated and injures another will not give rise to liability. (See *Strang* v. *Cabrol* (1984) 37 Cal.3d 720, 724-725 [209 Cal.Rptr. 347, 691 P.2d 1013].) They also urge us to allow them to amend their complaints to allege a "concerted action" theory. While we do not go so far as to say such theory can never be pleaded in a drunk driving context, plaintiffs have not adequately pleaded it here nor do they give us any indication that additional relevant facts could be pleaded were they given the opportunity to amend their complaints. Accordingly, we affirm.

I

Plaintiffs first attempt to state a cause of action against the nondriver defendants for furnishing liquor to a minor in violation of Business and Professions Code section 25658.[1] They argue that the immunity provided for "social hosts" by Civil Code section 1714, subdivision (c)[2] is inappli-

---

[1] Subdivision (a) of the statute provides: "Every person who sells, furnishes, gives, or causes to be sold, furnished, or given away, any alcoholic beverage to any person under the age of 21 years is guilty of a misdemeanor."

cable to persons in defendants' position. Regardless what the contours of the "social host" category are, however, the Supreme Court's decisions in *Strang* v. *Cabrol, supra,* 37 Cal.3d 720 and *Cory* v. *Shierloh* (1981) 29 Cal.3d 430 [174 Cal.Rptr. 500, 629 P.2d 8] preclude plaintiffs' theory here. *Cory* dealt with the potential liability of a party host who charged admission and the court assumed this fact made the "social host" immunity provision inapplicable. (29 Cal.3d at p. 437; see *Strang, supra,* 37 Cal.3d at p. 728.) It nonetheless concluded that Business and Professions Code section 25602, subdivision (b),[3] an immunity provision enacted in 1978 at the same time as Civil Code section 1714, subdivision (c), insulated the defendant from liability. (*Cory, supra,* 29 Cal.3d at p. 437.)

It is true, of course, that section 25602, subdivision (b) technically applies only to a person who violated subdivision (a) of that section by giving an alcoholic beverage to an obviously intoxicated person. (See *Strang* v. *Cabrol, supra,* 37 Cal.3d at p. 730, fn. 1 (dis. opn. of Kaus, J.).) In *Strang,* the court considered whether liability could be imposed on a liquor licensee who provided an alcoholic beverage to a minor who was not obviously intoxicated. The plaintiffs in *Strang,* as do the plaintiffs here, alleged that such conduct violated Business and Professions Code section 25658 (fn. 1, *ante*). The court held, however, that liability could not be imposed. Reflecting on the effect of the 1978 amendments, the court explained that ". . . the Legislature abolished tort liability against the furnisher of alcoholic beverages except in only one situation, namely, [a liquor licensee] providing alcohol to an obviously intoxicated minor. No other exceptions to this immunity exist. Therefore, no civil liability may be imposed on one who furnishes alcoholic beverages to a minor who is not obviously intoxicated. . . ." (37 Cal.3d at p. 728.)

■ Our conclusion in this case that plaintiffs cannot state a cause of action against defendants for furnishing an alcoholic beverage to Anthony Thoren is mandated by *Cory* and *Strang.* Under those decisions, the only time a defendant may be liable for *furnishing* liquor to the driver of a vehicle who later causes an accident is when a liquor licensee sells to an obviously intoxicated minor. (See Bus. & Prof. Code, § 25602.1.) At a minimum here, defendants are not liquor licensees and this limited exception is not applicable.

---

[2]Section 1714, subdivision (c) provides: "No social host who furnishes alcoholic beverages to any person shall be held legally accountable . . . for injury to the person or property of, or death of any third person, resulting from the consumption of such beverages."

When referring to statutory subparts, we omit repetition of the word "subdivision."

[3]Section 25602, subdivision (b) provides: "No person who sells, furnishes, gives, or causes to be sold, furnished, or given away, any alcoholic beverage pursuant to subdivision (a) of this section shall be civilly liable to any injured person or the estate of such person for injuries inflicted on that person as a result of intoxication by the consumer of such alcoholic beverage."

## II

Plaintiffs argue, however, that more is involved in this case than simply the furnishing of alcohol to a minor. They suggest that all three minor defendants embarked on a joint enterprise to obtain and consume a bottle of tequila and to thereafter drive to some unspecified location. These facts, they contend, are sufficient to state a cause of action based on the "concerted action" or "civil conspiracy" theories embodied in the Restatement Second of Torts (hereafter Restatement), section 876. Plaintiffs urge us to allow them to amend their complaint to more adequately plead such a theory.

 The Supreme Court discussed the "concerted action" doctrine in *Sindell* v. *Abbott Laboratories* (1980) 26 Cal.3d 588, 604 [163 Cal.Rptr. 132, 607 P.2d 924], relying largely on Restatement Second section 876. That section provides in relevant part, "For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he (a) does a tortious act in concert with the other or pursuant to a common design with him, or (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself. . . ." Interpreting this section, the *Sindell* court quoted Dean Prosser for the proposition that "'those who, in pursuance of a common plan or design to commit a tortious act, actively take part in it, or further it by cooperation or request, or who lend aid or encouragement to the wrongdoer, or ratify and adopt his acts done for their benefit, are equally liable with him. [¶] Express agreement is not necessary, and all that is required is that there be a tacit understanding . . . .' (Prosser, Law of Torts (4th ed. 1971) § 46, p. 292.)" (26 Cal.3d at p. 604.)

So far as we are aware, California courts have not considered the question whether Restatement section 876 can be applied to impose liability on passengers in a car operated by an intoxicated driver. Several courts in other states, however, have addressed the contention in the context of fact situations analogous to the present case. In *Olson* v. *Ische* (Minn. 1984) 343 N.W.2d 284, Ivan Ische and Randy Fritz had been drinking and partying with friends when they decided to return home in Ische's car. On leaving the party, they each took with them a cup of beer and continued drinking. Before they reached home, their vehicle crossed the median and collided with an oncoming vehicle. (*Id.* at p. 286.) The severely injured plaintiff sued both Ische (the driver) and Fritz (the passenger). The Minnesota Supreme Court affirmed a summary judgment in favor of Fritz, rejecting the argument he could be liable under Restatement section 876: "Here there is not the kind of situation where it can be said the driver and passenger were acting 'in accordance with an agreement to cooperate in a particular line of conduct or to accomplish a particular result.' Restatement (Second) of Torts

§ 876, comment (a) (1977). Nor is there the kind of 'substantial encouragement' by the passenger of the driver's conduct needed to impose joint tort liability. Fritz was with Ische, partying with others, each doing his own drinking voluntarily, and Fritz voluntarily accompanied Ische on his return trip to Norwood in a guest-host driving situation. We hold that, as a matter of law, plaintiff-appellants do not have a cause of action against defendant Fritz under section 876 of the Restatement (Second) of Torts." (*Id.* at p. 289.)

The Connecticut Supreme Court reached a similar conclusion in *Slicer* v. *Quigley* (1980) 180 Conn. 252 [429 A.2d 855]. There, a driver (Quigley) and a passenger (Burger) had been drinking beer while traveling in their vehicle before they collided with a motorcycle, seriously injuring the plaintiff. The beer was purchased by Burger who gave it to Quigley. There was conflicting evidence as to whether Burger verbally encouraged Quigley's reckless driving just prior to the accident. The trial court therefore properly instructed the jury pursuant to Restatement section 876 based on this evidence of "substantial encouragement," but the jury returned a verdict in favor of Burger. On appeal, the plaintiff argued that the court erred in refusing to allow the jury to consider whether Burger's acts in drinking with Quigley for two hours prior to the accident also constituted "substantial encouragement" of Quigley's tortious conduct within the meaning of section 876. Rejecting this contention, the *Slicer* court explained: "[T]here was no evidence other than Burger's purchase and furnishing of beer to Quigley and the fact that he rode with Quigley that evening which would show that Burger had given substantial assistance or encouragement to Quigley to drive while intoxicated. . . . Under the common-law rule, Burger's furnishing beer to Quigley in and of itself cannot be considered the proximate cause of Quigley's intoxication. The remaining facts do not show that Burger's conduct constituted a 'substantial factor in causing the resulting tort.' Restatement, 4 Torts § 876, comment on clause (b). . . ." (*Id.* at p. 859.) (Accord *Stock* v. *Fife* (1982) 13 Mass.App. 75 [430 N.E.2d 845, 849-850, fn. 10]; see also *Cecil* v. *Hardin* (Tenn. 1978) 575 S.W.2d 268, 272-273.)

■ Prior to oral argument we requested plaintiffs identify for us what additional facts relevant to the "concerted action" theory they could allege if given the opportunity to amend. (See *Goodman* v. *Kennedy* (1976) 18 Cal.3d 335, 349-350 [134 Cal.Rptr. 375, 556 P.2d 737].) They responded that Anthony Thoren "transported both . . . [Gus Thoren and Alfonso Bianca] to and from the liquor store and to and from the area where the liquor was consumed. Immediately after the tequila was consumed, Anthony P. Thoren left the area with Gus Thoren and Alfonso Bianca." We are also informed that at the time the accident occurred, only Alfonso Bianca was riding in the car with Anthony Thoren. Gus Thoren had been dropped off

at his home ten minutes earlier. Immediately after the collision, Bianca yelled at Thoren to "go" and the two left the scene. They later contacted police.

Like the courts in *Olson* and *Slicer,* we believe that proof of such facts would fall short of establishing the "substantial assistance or encouragement" required by Restatement section 876. As a factual matter, of course, there is no question that Anthony Thoren was assisted in his decision to operate a motor vehicle while intoxicated by the fact that Gus Thoren and Alfonso Bianca helped obtain the tequila which Anthony consumed. As we have explained, however, the Legislature has decided to insulate from civil liability virtually all persons who provide alcohol to persons who thereafter drive while intoxicated. (*Ante,* p. 1175.) Other than accompanying Anthony Thoren after the tequila was consumed, plaintiffs can point to no other facts which constitute "encouragement" or "assistance." Consistent with the weight of authority from sister states, we hold such a pleading insufficient to state a cause of action under the "concerted action" or "civil conspiracy" theory of Restatement section 876.

DISPOSITION

Judgment affirmed.

Work, J., and Butler, J., concurred.