[No. D004813. Fourth Dist., Div. One. Sept. 14, 1987.]

ELIZABETH BAKER, Plaintiff and Appellant, v.
JUAN. Q. SUDO et al., Defendants and Respondents.

COUNSEL

Bauer & Schultz and Jack M. Sleeth, Jr., for Plaintiff and Appellant.

Higgs, Fletcher & Mack, John M. Morris and M. Cory Brown for Defendants and Respondents.

**OPINION**

**TODD, J.**—Elizabeth Baker appeals from a summary judgment in favor of Juan Sudo, Lelia Sudo, Scott Anderson and Terry Anderson.

Baker, 16, was injured in a single vehicle automobile accident in which she was a passenger. She sued, among others, the driver of the automobile, who was allegedly intoxicated at the time, as well as the homeowners (the Sudos) and the residents (the Andersons) of the house where alcoholic beverages were served to the driver. The trial court granted summary judgment on the ground the immunities provided under Civil Code section 1714 and Business and Professions Code[1] section 25602 barred Baker's action against the Sudos and the Andersons. Baker contends a recent amendment to section 25602.1 eliminates the claimed immunity under section 25602, and the amended statute should be applied retroactively.

---

[1] All statutory references are to the Business and Professions Code unless otherwise specified.

## FACTS

On June 30, 1984, Anthony Gonzales, 18, attended a party at the Sudo residence. The party was given by, among others, Scott Anderson, who is the son of Lelia Sudo, and Anderson's wife Terry. The Sudos were out of town. The party, which was advertised by flyers, attracted approximately 1,000 people. It featured a live band and the serving of hard liquor and beer. An admission fee of $3 for males and $2 for females was charged. Also attending the party was Baker; Rochelle Fox, 15; and Joe Carrillo, 18; all of whom left the party with Gonzales and were passengers in an automobile Gonzales drove into a telephone pole. Gonzales later pled guilty to a charge of driving under the influence of alcohol.

For purposes of the summary judgment motion, the Sudos and the Andersons concede Gonzales consumed alcohol at the party.

Neither the Sudos nor the Andersons (or the other party givers) are licensed to sell alcoholic beverages pursuant to section 23300 of the Alcoholic Beverage Control Act.

On May 5, 1986, the trial court ordered judgment entered in favor of the Sudos and the Andersons.

On July 11, 1986, the Governor signed Senate Bill No. 1053, which amended section 25602.1, and it was filed with the Secretary of State on the same day. The bill did not contain an urgency clause.

## DISCUSSION

In this case, the civil liability of the Andersons was based on the theory that Gonzales was sold alcohol at the June 30, 1984, party and his intoxication was the proximate cause of the traffic accident leading to Baker's injuries. The civil liability of the Sudos is based on the theory they negligently failed to prevent their residence from being used in an unlawful manner, namely, the provision of alcoholic beverages to a minor.

### I

■ At the outset, we address whether the trial court's judgment was correct in light of the statutory scheme in place on June 30, 1984, when the cause of action accrued.

In 1978, the Legislature enacted legislation expressly designed to "abrogate" three decisions of our Supreme Court: *Vesely* v. *Sager* (1971) 5 Cal.3d

153 [95 Cal.Rptr. 623, 486 P.2d 151]; *Bernhard* v. *Harrah's Club* (1976) 16 Cal.3d 313 [128 Cal.Rptr. 215, 546 P.2d 719]; and *Coulter* v. *Superior Court* 21 Cal.3d 144 [145 Cal.Rptr. 534, 577 P.2d 669]. (See Stats. 1978, chs. 929 and 930.) In *Vesely,* the Supreme Court, relying on section 25602,[2] held commercial vendors of alcoholic beverages could be tortiously liable for injuries to third persons caused by the consumer of the beverage. In *Bernhard,* the court noted that although *Vesely* relied upon a statute to support its holding, nevertheless, "the clear import of our decision was that there was no bar to civil liability under modern negligence law." (16 Cal.3d at p. 325.) In *Coulter,* the Supreme Court extended the *Vesely* holding to non-commercial providers such as "social hosts," relying upon both section 25602 and traditional common law negligence principles.

First, the 1978 legislation added subdivisions (b) and (c) to Civil Code section 1714 to qualify the general principle (already expressed in subd. (a) of that section) that everyone is responsible for his own negligent or willful acts by giving civil immunity to "social hosts."[3] Second, the 1978 legislation added subdivisions (b) and (c) to section 25602 to qualify the prohibition (already expressed in subd. (a) of that section) against selling or furnishing alcoholic beverages to any obviously intoxicated person by providing civil immunity.[4] Third, the 1978 legislation added section 25602.1 to provide for a single exception to the general immunity to suit to providers of alcoholic beverages: liquor licensees who provide alcoholic beverages to obviously

---

[2] Section 25602 provided at that time: "Every person who sells, furnishes, gives, or causes to be sold, furnished, or given away, any alcoholic beverage to any habitual or common drunkard or to any obviously intoxicated person is guilty of a misdemeanor."

[3] The additions to Civil Code section 1714 read: "(b) It is the intent of the Legislature to abrogate the holdings in cases such as Vesely v. Sager . . ., Bernhard v. Harrah's Club . . ., and Coulter v. Superior Court . . . and to reinstate the prior judicial interpretation of this section as it relates to proximate cause for injuries incurred as a result of furnishing alcoholic beverages to an intoxicated person, namely that the furnishing of alcoholic beverages is not the proximate cause of injuries resulting from intoxication, but rather the consumption of alcoholic beverages is the proximate cause of injuries inflicted upon another by an intoxicated person."

"(c) No social host who furnishes alcoholic beverages to any person shall be held legally accountable for damages suffered by such person, or for injury to the person or property of, or death of, any third person, resulting from the consumption of such beverages."

[4] The additions to section 25602 read: "(b) No person who sells, furnishes, gives, or causes to be sold, furnished, or given away, any alcoholic beverage pursuant to subdivision (a) of this section shall be civilly liable to any injured person or the estate of such person for injuries inflicted on that person as a result of intoxication by the consumer of such alcoholic beverage. [¶] (c) The Legislature hereby declares that this section shall be interpreted so that the holdings in cases such as Vesley v. Sager . . ., Bernhard v. Harrah's Club . . . and Coulter v. Superior Court . . . be abrogated in favor of prior judicial interpretation finding the consumption of alcoholic beverages rather than the serving of alcoholic beverages as the proximate cause of injuries inflicted upon another by an intoxicated person."

intoxicated minors may be liable for any proximately caused death or injury.[5]

In *Cory* v. *Shierloh* (1981) 29 Cal.3d 430 [174 Cal.Rptr. 500, 629 P.2d 8], the Supreme Court upheld the constitutionality of the three-pronged 1978 legislation.

This was the statutory scheme in effect on the day of the traffic accident, as well as on the day the trial court granted summary judgment. The trial court held Baker's cause of action was barred by the statutory immunities and the one exception contained in section 25602.1 did not apply to the facts of the case. We conclude the trial court was correct in its application of the statutes. ■ "Summary judgment is proper only if the affidavits in support of the moving party would be sufficient to sustain a judgment in his favor and his opponent does not by affidavit show such facts as may be deemed by the judge hearing the motion sufficient to present a triable issue. The aim of the procedure is to discover, through the media of affidavits, whether the parties possess evidence requiring the weighing procedures of a trial." (*Sationers Corp.* v. *Dunn & Bradstreet, Inc.* (1965) 62 Cal.2d 412, 417 [42 Cal.Rptr. 449, 398 P.2d 785].)

■ While section 25602 provides the selling or furnishing of alcoholic beverages to any obviously intoxicated person is a misdemeanor, it also extends immunity from civil liability to those who violate the section. Since its adoption in 1978, section 25602.1 has contained the only limitation on this dram shop civil immunity. Under section 25602.1, as it read on June 30, 1984, persons *licensed* to sell alcohol pursuant to the Alcoholic Beverage Control Act are subject to suit if they sell or furnish alcohol to an obviously intoxicated *minor* and injury or death proximately results.

Despite Baker's various contentions, the Sudos and the Andersons were not licensees. Nor was anyone involved in giving the party. Nor can any of these individuals be deemed licensees.[6] Therefore, section 25602.1 is not applicable and the broad civil immunity remains intact.

---

[5]Section 25602.1 as added by the 1978 legislation read: "Notwithstanding subdivision (b) of Section 25602, a cause of action may be brought by or on behalf of any person who has suffered injury or death against any person licensed pursuant to Section 23300 who sells, furnishes, gives or causes to be sold, furnished or given away any alcoholic beverage to any obviously intoxicated minor where the furnishing, sale or giving of such beverage to the minor is the proximate cause of the personal injury or death sustained by such person."

[6]Baker argues in the alternative the Andersons should be considered "constructive licensees" since their action in selling liquor without a license was illegal. (See § 23300.) Baker, however, does not supply any precedent for her "constructive licensee" theory, and we are not inclined to establish one in this case.

In *Cory* v. *Shierloh, supra,* a minor attended and became intoxicated at a party where an entrance fee allegedly was charged. (29 Cal.3d at p. 437.) The minor subsequently was injured when he lost control of his vehicle. The trial court sustained a demurrer to his complaint against the party giver, who was not a licensed seller of alcoholic beverages. The Supreme Court affirmed, noting section 25602.1 is to be strictly construed: "[A] licensed seller of liquor is liable to anyone injured by an obviously intoxicated minor served by the seller, while a nonlicensed, presumably illegal seller is not so liable. (Bus. & Prof. Code, § 25602.1.) A preferred liability status is thus given to those sellers who refuse to obtain licenses. The obviously intoxicated minor, and those injured by him, retain a cause of action against the seller, but an adult consumer, and those similarly injured by him do not (*ibid.*). Accordingly, whether or not the selling or supplying of the liquor is a tortious *cause* of a resultant injury turns on the *license* status of the supplier and the *age* of the consumer. Causation in a common law sense, whether actual or physical, proximate or legal, has never pivoted on such a perilous and seemingly irrelevant fulcrum. Nonetheless, our function is to find, if possible, some means to sustain, not reject, those amendments." (*Cory* v. *Shierloh, supra,* 29 Cal.3d at p. 440.) (Italics in original.) In *Strang* v. *Cabrol* (1984) 37 Cal.3d 720 [209 Cal.Rptr. 347, 691 P.2d 1013], the Supreme Court reaffirmed the *Cory* court's strict interpretation of section 25602.1. We followed both decisions in *Cully* v. *Bianca* (1986) 186 Cal.App.3d 1172 [231 Cal.Rptr. 279]. In *Strang,* the court noted: "The maxim *expressio unius est exclusio alterius* applies here. Under this familiar rule of construction, an express exclusion from the operation of a statute indicates the Legislature intended no other exceptions are to be implied. [Citations.] The 'single exception' to the 'sweeping immunity' afforded by the 1978 amendments [citation] is in cases of sale by a licensee to an obviously intoxicated minor (§ 25602.1). If the Legislature had intended also to exclude sales to sober, underage persons from the reach of the superseding statute, it could have said so directly by amending section 25658 to that effect." (*Id.* at p. 725.) Similarly, here we conclude if the Legislature in 1978 had intended to exclude from the statutory immunity unlicensed sellers who provide liquor to obviously intoxicated minors, it could have done so explicitly. The Legislature did not do so. Under the 1978 legislation, Baker's cause of action against the Sudos and the Andersons fails because liquor licensees are not involved.[7]

---

[7]Baker also contends the failure to plead the statutory immunity as an affirmative defense in the answer to the complaint should have precluded its use here. Relying on *Cory* v. *Shierloh, supra,* 29 Cal.3d 430, we conclude this contention is not meritorious. In *Cory,* a case not dissimilar on the facts to this one, the trial court sustained the defendant's demurrer because the complaint failed to state a cause of action. The Supreme Court sustained the trial court's dismissal of the complaint for failure to state a cause of action. (*Id.* at p. 433.) Here, the Sudos and the Andersons pled failure "to state facts sufficient to constitute a cause of action" as an affirmative defense in their answer to Baker's complaint. This was sufficient. As this

On January 1, 1987, Senate Bill No. 1053 (Stats. 1986, ch. 289) became effective. The legislation amended section 25602.1 to broaden the limitation on civil liability so that persons required to be licensed pursuant to the Alcoholic Beverage Control Act, persons authorized by the federal government to sell alcoholic beverages on federal enclaves, and any other persons who sell or cause to be sold alcoholic beverages are also subject to suit.[8] Baker contends on appeal[9] section 25602.1, as amended, should be applied to this case.

Since the date of the traffic accident in question here is June 30, 1984, the central issue at bench is whether section 25602.1, as amended, applies retroactively. We conclude it does not.

It is a well-settled rule of construction that statutes or amendments to statutes are not to be given retroactive effect unless the legislation expressly calls for retroactive application or the intent of the Legislature cannot be otherwise satisfied. "The Legislature, of course, is well acquainted with this fundamental rule, and when it intends a statute to operate retroactively it uses clear language to accomplish that purpose." (*DiGenova* v. *State Board of Education* (1962) 57 Cal.2d 167, 176 [18 Cal.Rptr. 369, 367 P.2d 865].)

There is nothing in the express language of Senate Bill No. 1053 to indicate it was intended to be applicable to causes of action that accrued prior to its enactment. Further, the absence of an urgency clause indicates the lack of a legislative intent that the amendments to section 25602.1 be given retroactive application. (*Fosgate* v. *Gonzales* (1980) 107 Cal.App.3d 951, 960 [166 Cal.Rptr. 233]; *Sagadin* v. *Ripper* (1985) 175 Cal.App.3d 1141, 1156 [221 Cal.Rptr. 675].)

An exception to the general rule that statutes are not construed to apply retroactively arises when the legislation merely clarifies existing law.

---

court noted in *Cully* v. *Bianca, supra,* 186 Cal.App.3d at p. 1175: In light of the statutory immunity as interpreted by *Cory* and *Strang,* the "plaintiffs cannot state a cause of action against defendants . . . ."

[8] Section 25602.1 now reads: "Notwithstanding subdivision (b) of Section 25602, a cause of action may be brought by or on behalf of any person who has suffered injury or death against any person licensed, or required to be licensed, pursuant to Section 23300, or any person authorized by the federal government to sell alcoholic beverages on a military base or other federal enclave, who sells, furnishes, gives or causes to be sold, furnished or given away any alcoholic beverage, and any other person who sells, or causes to be sold, any alcoholic beverage, to any obviously intoxicated minor where the furnishing, sale or giving of that beverage to the minor is the proximate cause of the personal injury or death sustained by that person." (Stats. 1986, ch. 289, amendments underscored.)

[9] Actually, Baker raised the amendment of section 25602.1 for the first time in her reply brief. The Sudos and the Andersons were given additional time to file a supplemental brief on the issue.

(*Martin* v. *California Mut. B. & L. Assn.* (1941) 18 Cal.2d 478, 484 [116 P.2d 71].) Baker argues this was the case with Senate Bill No. 1053. She contends the Legislature was responding to judicial decisions that misinterpreted the legislative intent in 1978 when section 25602.1 was enacted. Baker points to legislative materials[10] that, according to her, indicate the legislative purpose of Senate Bill No. 1053 was to rectify this purported error.

We cannot agree. Senate Bill No. 1053 did not clarify existing law in the area of liability for providers of liquor; it changed the law.

Former section 25602.1 carved out a narrow exception to the wide civil immunity afforded to providers of alcoholic beverages by the 1978 legislation: liquor licensees who sold alcoholic beverages to obviously intoxicated minors. In *Cory* v. *Shierloh, supra,* 29 Cal.3d 430, the Supreme Court concluded it was reasonable to limit the liability to liquor licensees because licensees, who are experienced in the business of selling liquor, can more readily detect signs of intoxication among their patrons and are probably in a better position to defray the costs of liability through insurance than those who are not licensed. (*Id.* at pp. 440-441.)

Section 25602.1, as amended, has broadened the exception to encompass anyone who sells alcoholic beverages to obviously intoxicated minors. This is a substantial change in the law, not a mere clarification. Whether Baker is correct in asserting that Senate Bill No. 1053 rectified an error in the law is beside the point. The Legislature acted in 1978 to give broad civil immunity

---

[10]These materials include the Senate Committee on Judiciary staff report on Senate Bill No. 1053, which under the heading of Purpose (of the bill) states: "Existing law generally immunizes a provider of alcohol from liability for any injury caused by the consumer of the alcohol. However, it specifically holds a liquor licensee civilly liable for any injury or death proximately caused by the licensee's sale or furnishing of alcohol to an obviously intoxicated minor. The liability provision has been interpreted by the Ninth Circuit Court of Appeals to be inapplicable to a nonlicensed club on a United State military base which sells alcohol to an obviously intoxicated minor. [*Gallea* v. *United States* (1986) __ F.2d __ .]

"This bill would revise the liability provision to impose civil liability upon any person who sells or causes to be sold any alcoholic beverage to an intoxicated minor where the sale proximately causes a death or injury. It would also impose liability for the sale or furnishing of alcohol to an obviously intoxicated minor by nonlicensed liquor sellers required to be licensed.

"The purpose of this bill is to close gaps in the law which impose civil liability for selling alcohol to obviously intoxicated minors." (The correct citation for *Gallea* is 779 F.2d 1403.)

The Senate committee report also notes judicial criticism of the law because it pinned liability on the license status of the liquor seller and quoted the *Cory, supra,* 29 Cal.3d 430, court on the subject.

Additionally, under the Comments section, the Senate committee report observes: "Imposing civil liability for any sale of alcohol to an obviously intoxicated minor would nullify the *Cory* (in part) and *Gallea* decisions. The bill would not, however, affect the existing immunity for social hosts as it would not impose any liability for the free furnishing of alcohol."

to providers of alcoholic beverages with one narrow exception. That was the law from January 1, 1979, until the Legislature decided to widen the exception by enacting Senate Bill No. 1053, which became effective on January 1, 1987. To call this a clarification is to totally misread the evolving law in this area.

Next, Baker argues for retroactive application because Senate Bill No. 1053 repeals a statutory immunity and thereby reinstates the common law rules in that area. ■ Baker relies on the rule that when a statute that creates a cause of action or remedy that did not exist at common law is repealed, a pending cause of action fails if the repealing legislation does not contain a saving clause. (See *Governing Board* v. *Mann* (1977) 18 Cal.3d 819, 829 [135 Cal.Rptr. 526, 558 P.2d 1].)

■ Baker seeks to apply this doctrine to statutory immunities.[11] A problem with this approach in this case is that section 25602 created the statutory immunity, not section 25602.1. Section 25602.1 merely established a narrow exception to the immunity provided for in section 25602. Senate Bill No. 1053 did not repeal the immunity. Rather, by amending section 25602.1, the legislation broadened the exception.

Baker also argues for retroactive application on public policy grounds, contending, among other things, that "the speed with which the amending bill was passed is further evidence that the Legislature never intended the [limited] effect of the original statutory language." According to the Senate History, the bill, which originally dealt with driving records, was gutted and new language amending section 25602.1 was added on January 13, 1986. The bill was passed by the Senate Committee on Judiciary on January 15 and by the full Senate on January 17. The Assembly Committee on Judiciary passed the bill on May 21. The bill was amended on June 18 to include language on federal enclaves, and it passed the Assembly on June 19. On the same day, the Senate concurred in the Assembly amendments. It was sent to the Governor on June 30, and he signed it on July 11. Baker concludes: "The speed of passage is evidence of the importance given the legislation and the support for the amendment."

If anything, the length of time it took the Legislature to act in this area does not argue well for retroactivity. The opinion in *Cory, supra,* 29 Cal.3d 430, which criticized the 1978 legislation while upholding its constitutionality, was issued June 11, 1981. The *Cory* court clearly invited the Legislature to take corrective action back then: ". . . 'We are not equipped to decide

---

[11] Baker's argument is by way of analogy. She concedes there is no precedent for applying the doctrine to statutory defenses.

desirability; and a court cannot eliminate measures which do not happen to suit its taste if it seeks to maintain a democratic system. *The forum for the correction of ill-considered legislation is a responsive legislature.'* . . ." (*Id.* at p. 438, italics in original.) Yet, it took the Legislature five years to act. And when it did act, it did not include an urgency clause or any language indicating an intent to have the legislation applied retroactively.

We are not denigrating in any fashion the wisdom of the Legislature's new public policy that liability for sales to obviously intoxicated minors shall no longer depend on the license status of the seller. There is ample evidence to support it in "the clear documentation of the appalling nature of the nationwide drunk driving problem. . . ." (*Cory v. Shierloh, supra,* 29 Cal.3d at p. 435.) But while public policy arguments support the passage of legislation such as Senate Bill No. 1053, they do not support retroactive application. Retroactivity will not deter sales of liquor to obviously intoxicated minors that have already occurred. There is no overriding public policy argument for retroactivity that will override the clear language of the statute.[12]

## DISPOSITION

Judgment affirmed.

Wiener, Acting P. J., and Butler, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 2, 1987.

---

[12]Baker's final argument concerning the 1986 legislation is that it is evidence not available to the Supreme Court in 1981 of the Legislature's intent in passing the 1978 legislation. Baker suggests, as an alternative to retroactive application of the 1986 legislation, we interpret the 1978 legislation using Senate Bill No. 1053 as evidence the Legislature never intended to immunize the actions of unlicensed sellers of alcohol. In effect, Baker is asking us to review *Cory* and come up with a different result. Under *Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450 [20 Cal.Rptr. 321, 369 P.2d 937], such an exercise would be a futile act, and, hence, we shall not further address this argument.