Barbara Anne **NISTENDIRK**, Plaintiff,

v.

Andrew Lee **McGEE**, Sr., Defendant.

No. 852.

United States District Court
W. D. Missouri,
Central Division.

Aug. 21, 1963.

See, also, D.C., 225 F.Supp. 883.

Scott O. Wright, Columbia, Mo., for plaintiff.

F. Russell Millin, U. S. Dist. Atty., Kansas City, Mo., for defendant.

GIBSON, Chief Judge.

This is a personal injury action arising out of an accident which occurred August 8, 1962, between the plaintiff Barbara Anne Nistendirk, a Missouri resident, and the defendant Andrew Lee McGee, also a Missouri resident. At the time of the accident, defendant McGee was operating his privately owned vehicle within the scope of his employment as a rural mail carrier for the United States Postal Department.

Plaintiff originally brought this action in the Circuit Court of Boone County, in this state, and the case is here on removal pursuant to § 2679(d), Title 28 United States Code, which provides:

> "Upon a certification by the Attorney General that the defendant employee was acting within the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place wherein it is pending and the proceedings deemed a tort action brought against the United States under the provisions of this title and all references thereto. Should a United States district court determine on a hearing on a motion to remand held before a trial on the merits that the case so removed is one in which a remedy by suit within the meaning of subsection (b) of this section is not available against the United States, the case shall be remanded to the State court."

Plaintiff has made a demand for a jury trial and now moves to remand the

case to the State court on the ground that § 2679(b), which provides:

"The remedy by suit against the United States as provided by section 1346(b) of this title for damage to property or for personal injury, including death, resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment, shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee or his estate whose act or omission gave rise to the claim."

is violative of the Seventh and Fourteenth Amendments of the United States Constitution and also is violative of Article I, Section 22(a) of the Missouri Constitution, V.A.M.S.

The main force of plaintiff's argument is that the cause of action against defendant McGee is one which was recognized at common law and since the amount in controversy is over twenty dollars that provision of § 2679(b) which provides that such causes of action shall be tried as if they were brought under the Federal Tort Claims Act (§ 1346, Title 28, U.S.Code) is violative of the guarantees of the Seventh Amendment since it deprives the plaintiff of her right to have the case tried to a jury. The Court is in agreement with the plaintiff that the cause of action against defendant McGee is one which was recognized at common law, however, the statute in question sets out that the remedy provided shall be the exclusive remedy and that the action shall be deemed to be brought against the government. The legislative purpose and meaning are clear. Plaintiff's common law action against defendant McGee has been abolished, and a statutory action under § 1346, Title 28, United States Code, has been substituted in its place. There no longer exists any cause of action against McGee, and since the cause of action given against the government is a statutory one, the guarantees of the Seventh Amendment do not apply.

■ It would seem that the only question actually presented by the case is whether or not the Congress can validly legislate away a common law type of action and replace it with a statutory one. As early as 1929, in Silver v. Silver, 280 U.S. 117, 122, 50 S.Ct. 57, 58, 74 L.Ed. 221 (1929), in upholding the Connecticut guest statute the Court stated "We need not, therefore, elaborate the rule that the Constitution· does not forbid the creation of new rights, or the abolition of old ones recognized by the common law, to attain a permissible legislative object." It appears to the Court that an analogy can be drawn between the present case and the situation arising under the Workmen's Compensation Statutes. Under the numerous Workmen's Compensation Statutes, the old right of action against the employer was abolished and a new right substituted for it as well as a new procedure in which there was no right to a jury determination. In the present case there is an abolition of a right recognized by the common law and it is replaced by a new right. The legislative object is a permissible one in that the statute in question seeks to insulate government drivers from liability, thus insuring a smoother functioning of the governmental process. Whether or not the statute accomplishes this object is not a question which is open to this Court, but is solely a question for the legislative body. It is, therefore, the opinion of the Court that the statute in question is not unconstitutional but is a valid exercise of the legislative power under the "necessary and proper" clause and that the replacement of plaintiff's common law right of action with a statutory remedy is not violative of due process since the statutory remedy is a substantial and efficient remedy. Crane v. Hahlo, 258 U.S. 142, 42 S.Ct. 214, 66 L.Ed. 514 (1922).

■ Plaintiff's contention that the statute violates Article I, Section 22(a) of the Missouri Constitution, which provides for trial by jury in actions in the courts of the State, is without merit in light of the "supremacy clause" of the

United States Constitution. It must be noted that the effect of the statute is to do away with any State cause of action and to vest jurisdiction in cases of this type solely in the federal district courts. Any State legislation is consequently of no effect on actions which come within the purview of the statute in question. Plaintiff makes other suggestions in support of her motion to remand but these are not necessary of treatment.

For the foregoing reasons, it is the order of this Court that the motion to remand be denied and that this action be deemed an action brought against the United States under § 1346, Title 28, United States Code.

It is so ordered.